## HUGHES v. RINGSTAFF.

1. Where a guardian is cited to appear and state his account for final settlement, and omits to do so, it is the duty of the judge to state the account, and cause notice to be given to the guardian, that unless he appears at the next orphans' court, and file his account and vouchers fer settlement, then the account of the judge will be reported for allowance and settled. It is

error to state the account and allowance at the same term, and it makes no difference that the guardian is present when the account is settled by the judge and contests its items.

2. *Quere?* Whether the guardian will be permitted to contest the items in the account stated by the judge, when he is in contempt by refusing to state the account himself.

3. *Quere?* Whether a guardian can be cited to a final settlement by his ward before majority, without having been removed from the trust; and also, whether on either annual or final settlement, the sum found due to the ward can be decreed to be paid to the register of the court.

Error to the Orphans' Court of Lowndes.

HUGHES was cited by the orphans' court, as the guardian of Flora Ann Ringstaff, to appear and show cause why he should not make a final settlement of said ward's estate. The citation issued 16th February, 1844, and is returned executed.

In the judgment entry it is recited, the proceedings were had at the instance of one Mitchell, guardian *ad litem* for the minor, as well as that the parties appeared by their attorneys. It is further recited, that the defendant having failed to file his account, with vouchers for settlement, the court, on the motion of the plaintiff, stated an account, charging the defendant with such amounts as appeared to have come to his hands. He was charged as guardian with the sum of $2,-904 65 cash, in former guardian's hands, with interest from the 3d of October, 1837 to 10th February 1844, which was returned in a settlement previously made with the orphans' court. The defendant filed his exception, denying this charge. Issue was then joined between the parties, and a witness proved on behalf of the plaintiff, that the defendant said to him he had made a settlement with Measles, the former guardian, and had received from him what was due to his ward. No other evidence was introduced, nor other objection made to the account. The court was satified with the evidence, and allowed the charge. It also ascertained the balance due to the ward to be $1,116 08. Whereupon

it was ordered, that Flora Ann Ringstaff have the sum of $1,110 08, with interest from the 15th February, 1844, and that the defendant pay the same over into the hands of the register of the orphans' court.

The defendant sues out this writ of error, and here assigns—

1. That it was error to state an account and report it for allowance at the same term of court, and in proceeding in the settlement at the same term.

2. That the proof was insufficient to authorize the judgment.

BOLLING, for the plaintiff in error, on the first point called the attention of the court to the statute, Digest, 230, § 28, and on the second, cited Watson v. Byers, 6 Ala. B. 393.

N. COOK, contra, insisted, the appearance of the guardian, and his contestation of the account stated, must be considered as waiving the statutory notice ; and this the more especially, as no request was made to delay the cause. The proof of the sum due is ample, as it consisted of his return, as well as the admission that what was due from the former guardian was collected.

GOLDTHWAITE, J.—1. The statute of 1843, is very precise in directing the course to be pursued when an executor, administrator, or guardian, is cited to appear and file his account and vouchers for sottlement, and fails to obey the citation.   The judge, upon such failure, is authorized to state the account, charging the party with such amounts as shall appear to have come to his hands.   The judge is then to cause notice to be given to the executor, &c. that unless he appear at the next term of the orphan's court thereafter, and file his account and vouchers for settlement, the account so stated by the judge will be reported for allowance, and settled as required by law.   A proviso to the act directs, that if the executor, &c. at any time before the final decree upon the account stated by the judge, shall appear and file his accounts and vouchers for settlement, and shall pay such costs

as may have accrued, the proceeding had in relation to the account stated by the judge shall be set aside, and the court is then to proceed to settle with the executor, &c. according to the general law. [Dig. 230, § 48.]

It is obvious from this enactment, that the guardian is entitled to notice that an account has been stated, by the judge, and it seems also, his appearance when the judge is stating this account, cannot relieve the court from its duty to give the statutory notice, or preclude the party from insisting upon the notice. It appears here, that the account was stated at the same term at which it was finally decreed. In this we think the court erred, and for this error the judgment must be reversed.

2. Upon the question raised on the evidence, we should incline to think it sufficient, even in a condition of things which would allow the guardian to controvert the charge, but it deserves consideration whether the party in contempt by refusing himself to state an account, will be permitted to contest that stated by the judge under the provisions of the statute just quoted.

3. There is another matter in this cause, to which it is proper to call attention. The guardian is cited to a final settlement with his ward, who is described in the record as still being a minor, and there is nothing to show the guardian has been removed from his trust. Under these circumstances, it certainly admits of question, whether a final settlement can be made, and more especially, whether there is any warrant to decree a sum due to the ward, to be paid to the register of the court, whether the decree is on an annual or final settlement.

Judgment reversed and cause remanded.